UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>        Plaintiff,<br><br>   v.<br><br>S.V.S.P. - P.I.P.,<br><br>        Defendant. | Case No.  24-cv-03197-PCP<br><br>**ORDER REQUIRING PETITIONER TO FILE A RESPONSE, AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 4 |

    Petitioner Michael Allen, a state prisoner proceeding *pro se*, filed a pleading entitled "petition for writ of habeas corpus." Dkt. No. 1. Upon review, the pleading concerns the conditions of Mr. Allen's confinement—specifically, a potential prison transfer—rather than his conviction. *See id*.

    Claims regarding conditions of confinement cannot proceed in this habeas action. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citation omitted). The Ninth Circuit has held that if the claim "does not lie at the 'core of habeas corpus,' it *may not* be brought in habeas corpus but *must* be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (emphases added, citations omitted). *See also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

    Here, Mr. Allen's claim regarding a potential prison transfer should be brought in an action under § 1983. A district court may construe a habeas petition by a prisoner attacking the

conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Before doing so, a district court must advise the prisoner of the consequences of construing a habeas petition as a civil rights complaint and provide an opportunity to withdraw or amend the pleading. *See Nettles*, 830 F.3d at 936.

On or before May 30, 2025, Mr. Allen must file a written response indicating whether he wishes (i) the Court to convert this § 2254 habeas action into one filed under 42 U.S.C. § 1983; or (ii) for the Court to dismiss the remainder of the Petition. If Mr. Allen prefers neither option, he may file a notice of voluntary dismissal as his response to this order.

Before he chooses option (i), to ask the Court to convert this action to a civil rights action under 42 U.S.C. § 1983, Mr. Allen should be aware of the following. The filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $405.00 ($350.00 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to pay the filing fee for a habeas petition might feel otherwise about a civil rights complaint for which the $405.00 fee would be deducted from income to his prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. When an inmate accrues three "strikes," he is barred from *in forma pauperis* status for all future cases.

If Mr. Allen chooses option (i), the Court then will set a deadline for him to file a complaint under 42 U.S.C. § 1983, and to file a complete application to proceed in forma pauperis (or pay the full filing fee). He may also move for appointment of pro bono counsel at that time.

I.   **CONCLUSION**

On or before **May 30, 2025**, Mr. Allen must file a written response indicating whether he wishes (i) the Court to convert this § 2254 habeas action into one filed under 42 U.S.C. § 1983; or (ii) for the Court to dismiss the remainder of the Petition. **Failure to file a response in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** This dismissal would be without prejudice.

Mr. Allen's *in forma pauperis* application is **DENIED** because the initial assessment would exceed the filing fee for a habeas action. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). If Mr. Allen elects to have this lawsuit converted to a civil rights action, he may file a new *in forma pauperis* application as to the higher filing fee.

It is Mr. Allen's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 31, 2025

P. Casey Pitts
United States District Judge